1  Azar Mouzari, Esq. (State Bar No. 263461)
2  Nilofar Nouri, Esq. (State Bar No. 311871)
   **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**
3  468 N. Camden Drive, Suite 238
4  Beverly Hills, California 90210
   Tel:  310-858-5567
5  Fax: 424-286-0963
6  Email: azar@bhtrialattorneys.com

7  Attorneys for Plaintiffs and the Proposed Class
8
9  [Additional attorney information on next page]

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| MIKKESHA MANNINGS, an individual; MAUREEN ABERNATHY, an individual; LE VASIA JORDAN, an individual; NATALIE MASUD, an individual, and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>     v.<br><br>THE PROCTER & GAMBLE COMPANY, an Ohio Corporation; THIS IS L. INC., a Delaware Corporation, and DOES 1 through 20 inclusive,<br><br>               Defendants. | Case No. 2:24-cv-01873-WLH-KES<br><br>**JOINT RULE 26(F) REPORT**<br><br>**[FRCP RULE 26(b); CD-LR 26]**<br><br>Judge: Hon. Wesley L. Hsu<br>Courtroom: 9B<br><br>Scheduling Conference Date: 04/12/24<br>Time: 1:00 p.m.<br><br>Original Complaint Filed: 12/18/2023<br>Removal Date: 03/07/2024<br>Answer Filed: 03/07/2024<br>(Proposed) Trial Date: 10/13/2025 |

| | |
|---|---|
| 1 | **Squire Patton Boggs (US) LLP** |
| 2 | Adam R. Fox (State Bar # 220584) |
|   | adam.fox@squirepb.com |
| 3 | Hannah J. Makinde (State Bar # 307907) |
| 4 | hannah.makinde@squirepb.com |
|   | 555 South Flower Street, 31st Floor |
| 5 | Los Angeles, CA 90071 |
| 6 | Telephone: 213-624-2500 |
|   | Facsimile: 213-623-4581 |
| 7 | |
| 8 | Scott A. Kane (*admitted pro hac vice*) |
| 9 | scott.kane@squirepb.com |
|   | 201 E. Fourth St., Suite 1900 |
| 10 | Cincinnati, OH 45202 |
| 11 | Telephone: 513-361-1200 |
|   | Facsimile: 513-361-1201 |
| 12 | |

**RULE 26(F) CONFERENCE**

On March 27, 2024, the Parties' counsel conducted their Rule 26(f) conference. During the conference, counsel covered all matters set forth in Rule 26, the Local Rules and this Court's Initial Standing Order for Cases Assigned to the Honorable Judge Wesley L. Hsu.

**JOINT REPORT**

### 1. *Statement of the Case*

#### i. *Plaintiffs' Statement.*

On December 18, 2023, Plaintiffs and the proposed class ("Plaintiffs") filed this class action in the Superior Court of California, for the County of Los Angeles, Central District, asserting in their Complaint causes of action against Defendants including causes of action for 1) strict products liability; 2) fraudulent concealment; 3) fraudulent misrepresentation; 4) violation of California's false advertising law; 5) negligent misrepresentation; 6) violation of the Business & Professions Code Sections 17200, et seq.; 7) violation of California's Consumer Legal Remedies Act; and 8) Unjust Enrichment.  On March 7, 2024, Defendants filed a Notice of Removal, removing the action to the United States District Court for the Central District of California.

In the Complaint, Plaintiffs allege that Defendants advertise, label and sell feminine hygiene products which are falsely advertised and unfit for use by consumers as they contain unsafe and non-natural ingredients, contrary to their advertising and labeling, and therefore, have caused injury to consumers including Plaintiffs and the class members. In the Complaint, Plaintiffs seek, individually and on behalf of all Class Members, an order certifying the Class, compensatory damages, injunctive relief, punitive damages, and attorneys' fees.

### ii. Defendants' Statement.

Defendants deny each of Plaintiffs' claims, and have asserted affirmative defenses in response to the Complaint. Defendants further contend that evidence obtained in discovery will disprove Plaintiffs' allegations. Defendants deny that the case is appropriate for class treatment.

## 2. Subject Matter Jurisdiction.

This Court has original jurisdiction over Plaintiffs' claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## 3. Legal Issues.

### i. Plaintiffs' Position.

Plaintiffs state that the key legal issues are:

(a) Whether Defendants violated California's Unfair Competition Law by knowingly formulating, manufacturing, advertising, and selling feminine products touted as organic and safe for use when, in reality, the products contain toxic ingredients;

(b) Whether Defendants violated California's Unfair Competition Law by misrepresenting material information to consumers regarding Defendants' L. Products and their ability to be safe for use;

(c) Whether Defendants violated California's Unfair Competition Law by concealing material information from consumers regarding the fact that the L. Products contain toxic ingredients, so that consumers would not know that the products pose a health risk to consumers who use them;

(d) Whether Defendants violated California's Unfair Competition Law by using uniform, deceptive business practices, such as telling consumers via their websites and on their product packaging that the L. Products are safe to use

and have undergone thorough testing, without transparently disclosing Defendants' testing standards and ultimate results;

(e) Whether Defendants represented and continue to represent that their products are of a particular standard, quality, or grade when they are not;

(f) Whether Defendants advertised their products with the intent not to sell them as advertised;

(g) Whether Defendants owed a duty of care to their customers to ensure that their products do not contain any toxic ingredients or other undesirable toxins or contaminants;

(h) Whether Defendants owed a duty to investigate that their products do not contain any toxic ingredients or other undesirable toxins or contaminants;

(i) Whether Defendants' conduct as set forth in the complaint injured consumers, and if so, the extent of the injury.

### ii. Defendants' Position.

In addition to the above-stated issues by Plaintiffs, Defendants state that the key legal issues are:

(a) Whether this action is suitable for class treatment pursuant to Federal Rule of Civil Procedure 23;

(b) Whether the statute of limitations bars Plaintiffs' claims;

(c) Whether the Food & Drug Administration's statutes and regulations preempt Plaintiffs' claims; and

(c) Whether named Plaintiffs or the putative class is entitled to damages.

### 4. Parties, Evidence, etc.

The current Parties are Mikkesha Mannings, Maureen Abernathy, Le Vasia Jordan, Natalie Masud, The Procter & Gamble Company, and This is L. Inc. Plaintiffs do not plan on filing a Motion for Leave to Amend their Complaint at

this time. The main percipient witnesses in this case include Plaintiffs and former and/or current employees of Defendants who have relevant information and documents.

### 5. Damages

#### i. Plaintiffs' Position.

In their Complaint, Plaintiffs request that the Court award Plaintiffs and the proposed class members actual or compensatory damages, restitution and disgorgement of all profits obtained from Plaintiffs and the class members as a result of their unlawful, unfair and fraudulent business practices. Plaintiffs also seek injunctive relief, including regarding the labeling and packaging of L. Products.

#### ii. Defendants' Position.

Defendants contend that Plaintiffs will not be able to propose a methodology for calculating damages that meets the standards of Federal Rule of Civil Procedure 23 and *Comcast v. Behrend*, 569 U.S. 27 (2013). Defendants separately deny that Plaintiffs and any unnamed putative class member are entitled to damages.

### 6. Insurance.

Defendants: Not applicable.

### 7. Motions.

#### (a) Procedural Motions

Plaintiffs do not expect to file any procedural motions at this time.

#### (b) Dispositive Motions

##### i. Plaintiffs' Position.

Plaintiffs do not expect to file any dispositive motions at this time.

##### ii. Defendants' Position.

Defendants anticipate moving for summary judgment on all claims and certain affirmative defenses. Defendants anticipate the possibility of motions directed to class certification in advance of the deadline.

### (c) Class Certification Motion

The Parties agree to an alternative briefing schedule for the motion for class certification, permitting 30-days for an opposition and 15-days for a reply. Pursuant to this Court's recommended case schedule, a hearing on class certification should be set for March 7, 2025. Thus, the motion shall be filed by January 7, 2025, the opposition shall be filed by February 6, 2025, and the reply shall be filed by February 21, 2025.

### 8. Manual for Complex Litigation.

Because this is class action, provisions in the Manual for Complex Litigation may be utilized.

### 9. Discovery.

### (a) Status of Discovery

The Parties have not yet conducted discovery, and no current disputes exist at this time. The Parties do not believe that discovery should be conducted in phases. The Parties do not believe that any changes should be made at this time to the limitations on discovery imposed under the federal or local rules. However, the parties each reserve their right to request modifications in the future, if necessary.

### (b) Discovery Plan.

The Parties have agreed that initial disclosures will take place within fourteen (14) days after the Scheduling Conference takes place.

Plaintiffs believe discovery may be needed on the following subjects:

- What specific ingredients are used in the formulation of the feminine products in question.
- Whether these ingredients were tested for safety prior to being incorporated into the products.
- What evidence exists to support Defendants' claim that the products are organic and safe for use.
- Defendants' documentation regarding testing done related to the safety and organic nature of the products.
- Information and documents relating to complaints or reports received by Defendants regarding adverse reactions or health issues associated with these products from consumers.
- Internal communications and documents with regards to the accuracy of the information provided to consumers.
- Defendants' knowledge regarding the presence of toxic ingredients in their products.
- Information and documents relating internal studies and reports indicating the presence of toxic and/or non-disclosed ingredients.
- Information and documents with regards to any independent assessments or evaluations of the products' standards, quality or grade.

Defendants contend that discovery should be conducted in phases, such that discovery into class certification should occur first followed by a determination on whether certification is appropriate, and then merits discovery. Discovery will also be needed on the following subjects:

- The named Plaintiffs' purchase, use, and experience with the subject products; and

- The named Plaintiffs' alleged injuries.

The Parties, however, do not intend to limit the scope of discovery to this general list and intend to obtain discovery as necessary to the full extent permitted under law.

### (c) Discovery Cut-off

The parties propose March 28, 2025 as the proposed fact discovery cut-off date.

### (d) Expert Discovery

The parties propose April 11, 2025 as the proposed date for the initial expert disclosure; May 2, 2025 as the proposed rebuttal date for the expert disclosure; and May 16, 2025 as the expert discovery cut-off date.

### (e) Settlement/Alternative Dispute Resolution (ADR)

The Parties have not engaged in any settlement communications. The Parties are agreeable to engaging in mediation before a private mediator.

### (f) Trial

#### i. Trial Estimate.

The Parties anticipate jury trial will take 7-10 court days. Plaintiffs expect to call 6 to 8 witnesses, including four currently named Plaintiffs, and expert witnesses. Defendants estimate that they may call 4-7 witnesses.

#### ii. Jury or Court Trial

Jury trial.

#### iii. Consent to Trial Before a Magistrate Judge

The parties do not agree to try the case before a magistrate judge.

#### iv. Lead Trial Counsel.

Trial counsel for Plaintiffs is Azar Mouzari of the Beverly Hills Trial Attorneys, P.C.

Lead Trial counsel for Defendants is Adam R. Fox of Squire Patton Boggs (US) LLP.

*(g) Independent Expert or Master.*

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**(h) Other Issues.**

None at this time.

The Parties have attached as Exhibit A the Scheduling Worksheet for Class Actions.

Dated: March 29, 2024　　　　　　　**BEVERLY HILLS TRIAL ATTORNEYS, P.C.**

　　　　　　　　　　　　　　　　　*/s/ Azar Mouzari*
　　　　　　　　　　　　　　　　　Azar Mouzari, Esq.
　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

Dated: March 29, 2024　　　　　　　**SQUIRE PATTON BOGGS (US) LLP**

　　　　　　　　　　　　　　　　　*/s/ Adam R. Fox*
　　　　　　　　　　　　　　　　　Adam R. Fox, Esq.
　　　　　　　　　　　　　　　　　Attorney for Defendants

Pursuant to Local Rule 5-4.1.2(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court Central District of California by using the CM/ECF system on March 29, 2024.

I further certify that all participants in the case appear to have been registered CM/ECF users and that service should therefore be accomplished by the CM/ECF system via electronic mail to all counsel of record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2024 in Los Angeles, California.

                                                */s/ Nilofar Nouri*

                                                Nilofar Nouri